UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JESSE R. FULFER | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-90 |
| | ) | *Phillips* |
| STATE OF TENNESSEE | ) | |
| | ) | |
|    *Respondent*. | ) | |

## **MEMORANDUM OPINION**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner pleaded guilty to second degree murder and aggravated robbery, and now challenges the legality of his convictions. The Attorney General for the State of Tennessee, on behalf of respondent, moves to dismiss the petition without prejudice for failure to exhaust state court remedies. According to the Attorney General, petitioner has pending a state petition for the writ of habeas corpus in the Circuit Court for Morgan County, Tennessee.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971).

In response to the motion to dismiss, petitioner acknowledges that he filed a state habeas corpus petition. He claims, however, that the continued delays in the state court has rendered futile his effort to obtain state habeas corpus relief and that any further attempt to exhaust his state remedies will be meaningless. According to petitioner, he moved to withdraw his state petition because of the delay, and he has provided the court with a copy of that motion, which was filed with the Morgan County Circuit Court on February 22, 2007. In the body of the motion to withdraw, however, petitioner asks to dismiss his state petition without prejudice so that he can properly amend and correct the first petition.

Under the circumstances, petitioner has pending a state petition for habeas corpus relief and thus has not exhausted his remedies. The motion to dismiss [Court File No. 3] will be **GRANTED** and the petition for the writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c). The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R:**

                                                  s/ Thomas W. Phillips
                                                  United States District Judge